**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IGNACIO DE LOERA LOPEZ,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-00851-BAS-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

      Petitioner Ignacio De Loera Lopez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly denied bond while in immigration custody. (ECF No. 1.) He requests that he be released on the same terms and conditions as previously ordered by an Immigration Judge. (*Id.*)

      The Government filed a Response to the Petition, agreeing with Petitioner and acknowledging that "Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 4.) Petitioner filed a Traverse. (ECF No. 5.) For the reasons stated below, the

Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as previously ordered by the Immigration Judge.

## I.  LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.  STATEMENT OF FACTS

Petitioner entered the United States without inspection around 2002 and has lived continuously in the United States since then. (ECF No. 1 ¶ 1.) He was arrested in the interior of the United States. (*Id.*) An Immigration Judge ordered Petitioner released on bond. (ECF No. 1-2, Ex. 1.) The Government appealed the bond order, and it was reversed by the Board of Immigration Appeals, solely on the ground that Petitioner's detention was mandatory pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (ECF No. 1-4 Ex. 3.)

## III.  ANALYSIS

The Central District of California has certified a class of which Petitioner is a member and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). This Court has previously held in multiple cases that it agrees with the Central District in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g., Gregorio v. LaRose,* No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL

266496 (S.D. Cal. Feb. 2, 2026).  Hence, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.  And because Petitioner has already had a bond hearing before an Immigration Judge in which the Judge ordered Petitioner released on bond, the Court need not order another bond hearing.

## IV.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Ignacio De Loera Lopez (A#221-415-740) be released on the same terms and conditions as he was ordered released by an Immigration Judge (*see* ECF No. 1-2, Ex. 1.)

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: February 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**